UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

$74,860.00 IN UNITED STATES CURRENCY,

   and

$19,888.00 IN UNITED STATES CURRENCY,

    *Defendants-in-rem.*

Civ. No. 20-1315

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANTS-IN-REM

2. The defendants-in-rem consist of the following:

    i. Seventy-Four Thousand Eight Hundred and Sixty Dollars ($74,860.00) in United States Currency; and

1

    ii. Nineteen Thousand Eight Hundred and Eighty-Eight Dollars ($19,888.00) in United States Currency (hereafter collectively referred to as "Defendant Currency").

3. Defendant Currency was seized by the U.S. Department of Homeland Security, U.S. Customs and Border Protection, on June 26, 2020, in the District of New Mexico, and thereafter transferred to the custody of the U.S. Department of Justice, Drug Enforcement Administration.

4. Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district.  Upon the filing of this complaint, Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On June 26, 2020, U.S. Border Patrol Agent ("BPA") D. Reynolds was conducting primary inspection duties while assigned to the U.S. Border Patrol Checkpoint located on Interstate 10 near mile marker 120.  At approximately 7:05 p.m., BPA Reynolds observed a silver Chevrolet Suburban bearing Florida license plates ("the vehicle") approach the primary inspection area.

8. BPA Reynolds asked the vehicle's driver, later identified as Peter Luster ("Luster"), how many occupants were in the vehicle. Luster replied "three." BPA Reynolds then asked Luster if he could roll down the rear passenger window. Luster rolled down the rear passenger window and a strong odor of marijuana emanated from the vehicle. BPA Reynolds asked if all occupants of the vehicle were U.S. citizens, and all replied in the affirmative. BPA Reynolds then asked Luster if he consented to a canine sniff of the vehicle. Luster appeared nervous, hesitated, and then replied with "okay."

9. BPA Reynolds instructed Luster to pull over to the left. Luster parked the vehicle in the secondary inspection area, and all occupants were asked to exit the vehicle.

10. BPA Reynolds asked all the vehicle's occupants (which, in addition to Luster, were identified as Angel Ruben Castilla ("Castilla") and Demonta Shavon Easley ("Easley")) who the vehicle belonged to, and they stated it was a rental. Notably, Castilla and Luster became agitated when BPA Reynolds asked them who the vehicle belonged to.

11. BPA Reynolds also asked all the vehicle's occupants if there were any weapons or drugs in the car. Luster, Castilla, and Easley all stated there were no drugs or weapons in the vehicle.

12. BPA Reynolds conducted a canine sniff of the vehicle with his government assigned canine, "Cobo," which yielded a canine alert.

13. Following the canine alert, a more thorough search of the vehicle was conducted. During the search, a black piece of luggage was located that contained a large amount of currency concealed in a CVS plastic shopping bag. The CVS bag held five bundles of U.S. currency, with each bundle rubber banded, of which four bundles were all $20 dollar bills and one bundle contained mixed denominations of $100, $50, and $20 dollar bills. Another piece of

luggage was located that contained two bundles of U.S. currency inside which contained mixed denominations as well.  A small amount of marijuana was also found in the left rear passenger door.

14. All subjects were escorted inside for further questioning and were patted down for officer safety.  During the pat-down process, Easley and Castilla were discovered to have large amounts of mixed denomination U.S. currency in their pockets.  In the experience of Drug Enforcement Administration ("DEA") Special Agent ("SA") L. Trevizo, the manner the U.S. currency was concealed, rubber banded, and bundled is consistent with proceeds generated from illegal drug trafficking activity.

*Interviews with U.S. Border Patrol*

15. The vehicle's occupants were separated and placed in their own cells.  Each occupant was read their *Miranda* rights by BPA D. Barron and witnessed by BPA Reynolds.  BPA A. Bloomfield then performed interviews of Easley and Luster.

16. BPA Bloomfield questioned Easley on how he earned the money retrieved from the vehicle and what the money was being transported for.  Easley stated he made the money from his "religious job" and that the money was being taken to California to buy a car.

17. BPA Bloomfield asked Luster how he earned the money retrieved from the vehicle and what the money was being transported for.  Luster stated he made the money doing odd jobs, and that he was taking the money to California to purchase a car.  Later, while still at the Checkpoint, Luster told BPA Barron that the money was not all his, but rather, that it belonged to multiple people.  As to which "people" it belonged to, Luster could not provide that information.

18.     When asked if they had any documentation to prove the legitimacy of the currency, neither Luster nor Easley could provide the requested information.

*Initial Claims Made at the Checkpoint*

19.     BPAs separated the currency retrieved from the vehicle to identify which amounts belonged to each of the vehicle's occupants. Luster claimed the U.S. currency in the CVS bag, which BPAs Bloomfield and Barron initially counted as $74,860 USD (later confirmed). Easley claimed the U.S. currency in his pocket, which was counted to be $9,501 USD. Castilla claimed the U.S. currency in his pocket and suitcase, which the initial count identified as $19,874 USD (later verified as $19,888).

*Interviews with U.S. Drug Enforcement Administration*

20.     At approximately 12:05 a.m., DEA SAs L. Trevizo and E. Nguyen arrived to the U.S. Border Patrol Checkpoint and were briefed by SAs concerning the money seizure. Castilla initially declined to speak with BPAs, but after he was re-approached and re-*Mirandized* by DEA SAs, he agreed to give a statement.

21.     Castilla stated that he and the two other vehicle occupants were traveling from Florida to California. Castilla stated that he was going to visit his father in California, and that Luster and Easley were going to purchase classic cars with the currency found in the vehicle. Castilla claimed that the money recovered from his pocket and suitcase derived from the three legitimate businesses he co-owned. By his estimation, Castilla believed that he earned approximately $80,000 to $90,000 USD a year from all three businesses combined, or approximately $30,000 per business each year.

22.     Castilla explained that he co-owned a restaurant with an individual named Matilde Nunez which sold tacos for about two years. He also claimed to co-own a cleaning

business with an individual named Crystal Hawkins, but he could not recall the company's name. Lastly, he claimed to co-own Million Dollar Entertainment with Ali Hassan, which, Castilla explained, brought comedians and disc jockeys to entertainment rental spaces to host events.

23.     On a separate note, Castilla informed the DEA SAs that he did occasionally smoke marijuana, but that he had a medical card for it. He claimed to need the marijuana to alleviate the Post Traumatic Stress Disorder he suffered as a product of being incarcerated in the U.S. Bureau of Prisons. At that point, Castilla did inform the SA the he was still serving a sentence of federal probation or supervised release.

*Final Money Count*

24.     On June 27, 2020, SAs Trevizo and Nguyen took custody of the currency that U.S. Border Patrol had seized from Luster, Easley, and Castilla. On July 2, 2020, SA Nguyen and DEA SA A. Zepeda removed the currency from evidence for an official money count from the Loomis Corporation ("Loomis"). Thereafter, Loomis verified the three amounts of U.S. Currency seized from the vehicle to be: $74,860 USD, $9,451 USD, and $19,888 USD.

25.     On September 21, 2020, Luster filed an administrative claim to the $74,860 USD and the $19,888 USD, prompting the instant judicial action.

**FIRST CLAIM FOR RELIEF**

26.     The United States incorporates by reference the allegations in paragraphs 1 through 24 as though fully set forth.

27.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable

instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

28. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

29. The United States incorporates by reference the allegations in paragraphs 1 through 24as though fully set forth.

30. Title 18, United States Code, Section 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity. Unlawful activity is defined in 18 U.S.C. § 1952(b).

31. Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Stephen R. Kotz*

STEPHEN R. KOTZ
KRISTOPHER DALE JARVIS
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Department of Justice, Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12/17/2020

Lorenzo Trevizo, Special Agent
Drug Enforcement Administration

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kristopher Dale Jarvis
200 N. Church Street

## DEFENDANTS
$74,860.00 in United States Currency, et al.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) / [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 981(a)(1)(C)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/18/20
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____